UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:08-CV-00117-M

JAMES C. DAVIS               PLAINTIFF

v.

BRIAN McKINNEY and
CITY OF MADISONVILLE           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants for summary judgment on Plaintiff's equal protection, malicious prosecution, and intentional infliction of emotional distress claims. Fully briefed, the matter is ripe for decision. For the reasons that follow, Defendants' motion is **GRANTED**.

## I. BACKGROUND

Plaintiff James C. Davis was arrested pursuant to a grand jury indictment in June 2006 for wanton endangerment, a Class D felony, arising out of the condition of a rental property located at 336 Branch Street in Madisonville, Kentucky. Plaintiff defended himself against this charge in the Hopkins Circuit Court for over a year until the case was dropped on a motion by the Commonwealth Attorney. He then brought this § 1983 suit against Madisonville police officer Brian McKinney and the City of Madisonville, claiming that the arrest and prosecution was unlawful because he told officer McKinney he was not the owner of the house, public records confirmed that he was not the owner, and a neighbor's letter to the Madisonville police complaining about the condition of the house also indicated he was

not the owner. Defendants have moved for summary judgment on the ground that the grand jury indictment precludes Plaintiff's claims.

## II. STANDARD

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories and affidavits, establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The moving party bears the initial burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than simply show there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986). The rule requires the non-moving party to present "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

## III. DISCUSSION

Defendants argue that they are entitled to summary judgment on Plaintiff's claims because there was a grand jury indictment that conclusively established probable cause for Plaintiff's arrest and prosecution. As they see it, the determination of probable cause as evidenced by the grand jury indictment "resolves the Plaintiff's claim for malicious prosecution [because] one element of [that] cause of action is the absence of probable cause," and it also means there can be "no argument that the Defendants' conduct was in any way outrageous." (Plaintiff's Brief, pp. 3-4). Plaintiff counters that "the issuance of the indictment by the Grand Jury cannot establish the existence of probable cause . . . because this case simply should not have gone to the Grand Jury." (Defendant's Response, p. 5). He also argues that, notwithstanding the grand jury indictment, "[a]ll of the elements of the tort of outrage . . . are present in this case."[1] Id. at 6. The Court substantially agrees with the Defendants.

"[T]o establish the tort claim of malicious prosecution under Kentucky law, a plaintiff must demonstrate . . . the absence or lack of probable cause for the proceeding . . ." Raine

---

[1] Defendants also move for summary judgment on Plaintiff's claim for violation of "equal rights." (Brief, pp. 1, 3). Plaintiff appears to have abandoned this claim since he does not address it in his Response. But even if it were not abandoned, the Court would find that the claim fails because there is no evidence that would reasonably support an equal protection claim here. The only thing in the record that might show that Plaintiff's arrest and prosecution was motivated by unlawful discrimination in violation of the Fourteenth Amendment is Plaintiff's deposition testimony that at some point prior to the indictment his cousin "Booker T" overheard officer McKinney make a derogatory racial remark about the Plaintiff. (Davis depo., pp. 27-29). Because that statement is inadmissible hearsay, however, it provides no basis for denying Defendants' motion for summary judgment.

v. Drasin, 621 S.W.2d 895, 899 (Ky. 1981).  In this case, there was probable cause because there is no evidence that the indictment was facially invalid and "the finding of an indictment fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause for the purpose of holding the accused to answer." Higgason v. Stephens, 288 F.3d 868, 877 (6th Cir. 2002).  The Court therefore concludes that Plaintiff's malicious prosecution is precluded as a matter of law. Cf. Bates v. Stapleton, 2008 WL 1735170, *5 (E.D. Ky. 2008) (explaining that "Higgason disposes of the plaintiff's malicious prosecution claims [because it] . . . . clearly holds that when a properly constituted grand jury returns an indictment, it conclusively determines the existence of probable cause for arrest."); see also Barnes v. Wright, 449 F.3d 709, 716 (6th Cir. 2006) (recognizing the "preclusive effect of the indictment" on a malicious prosecution claim).

Plaintiff's argument that the indictment's presumption of probable cause does not apply because the case should not have gone to the grand jury is unpersuasive.  In Bakos v. City of Olmsted Falls, 73 Fed. Appx. 152 (6th Cir. 2003), the Sixth Circuit rejected a similar argument in the context of a Fourth Amendment claim for arrest without probable cause. There, the magistrate judge, in a recommendation subsequently adopted by the district court, concluded that there was "more than sufficient [evidence] to allow a reasonable jury to believe that the indictment . . . was without probable cause, despite the presumption [created by the indictment]" where, among other things, officers "who conducted the investigation of [p]laintiffs, had an animus against them . . . . the investigation ignored relevant factors . . . the investigators grossly mishandled physical evidence . . .[and] the officer who testified

4

to the grand jury, withheld exculpatory evidence to ensure an indictment." Id. at 157-58.

The Sixth Circuit disagreed. Reversing, it explained that "[t]he evidence cited by the magistrate judge, and Plaintiffs' allegations, concern[ed] deficiencies in the investigation" and therefore, under Higgason, did not affect the validity of the indictment and the attendant presumption of probable cause. Id. at 157. Because "[t]here [wa]s no evidence of perjured testimony or irregularity in the grand jury proceeding," the court reasoned, "[the] conclusive presumption . . . [of] probable cause" applied. Id. at 157-58; cf. Cook v. McPherson, 273 Fed. Appx. 421, 423-24 (6th Cir. 2008) (finding similarly). Just so here. The only evidence Plaintiff advances in support of his malicious prosecution claim is that officer McKinney ignored or failed to discover facts indicating that Plaintiff was not the owner of the house located at 336 Branch Street in Madisonville, Kentucky. Because this evidence does not show that the indictment was unfair on its face or that it was issued by an improperly constituted grand jury, the Court finds that judgment for Defendants on Plaintiff's malicious prosecution claim is warranted.

This leaves Plaintiff's claim for intentional infliction of emotional distress ("IIED"). In Kentucky, a prima facie case of IIED or outrage requires that (1) the wrongdoer's conduct must be intentional or reckless; (2) the conduct must be so outrageous and intolerable that it offends against the generally accepted standards of decency and morality; (3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and (4) the emotional distress must be severe. Stringer v. Wal-Mart Stores, Inc., 151 S.W.3d 781, 788 (Ky. 2004); see also Caudill v. Felder, No. 08-cv-298, 2010 WL 411474, *6 (E.D. Ky.

5

Jan. 29 2010) (applying Kentucky law and noting that "[t]he court plays a substantial screening role on the questions of extreme and outrageous conduct and the severity of the harm.") (quotation omitted)). Defendants, as mentioned, contend that the existence of a facially valid grand jury indictment necessarily precludes this claim just as it does Plaintiff's claim for malicious prosecution. The Court need not address this argument, however, because it concludes that Plaintiff's IIED claim fails for two fundamental reasons.

The first reason Plaintiff's claim fails is because the Kentucky Supreme Court has set the bar very high: to succeed on an IIED claim "[it is] not enough that the defendant has acted with an intent which is tortious, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice' . . . Liability has been found only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Humana of Kentucky, Inc. v. Seitz, 796 S.W.2d 1, 3 (Ky. 1990) (quoting Restatement (Second) of Torts, § 46, Comment d). The evidence in this case falls far short of that standard. Plaintiff says that he told officer McKinney that he was not the owner of the house; he cites a public record showing that he was not the owner; and he points to a neighbor's letter to the police complaining about the condition of the house that names Plaintiff's son as the owner. The Court finds these facts insufficient for a jury to reasonably conclude that Defendants acted "outrageously" in taking the case to the grand jury, arresting Plaintiff pursuant to the indictment, or initially prosecuting the case.

The second reason Plaintiff's claim fails is because IIED is a "gap filler" tort. Papa

6

John's Intern., Inc. v. McCoy, 244 S.W.3d 44, 49 (Ky. 2008). "This means that IIED is not a valid cause of action in Kentucky where the alleged conduct makes out a claim for another tort for which emotional distress damages are available," unless it is shown that the conduct was done for the sole purpose of causing the plaintiff emotional distress. Boze v. General Elec. Co., No. 4:07-cv-74, 2009 WL 2485394, *9 (W.D. Ky. August 11, 2009). Here, Plaintiff has not shown that the conduct "of Defendants, which resulted in the criminal charge against [him] and [his] arrest" was done solely for that purpose; on the contrary, he alleges that Defendants also acted with the intent to "deprive [him] of his liberty and property . . . and discriminate against [him]." Id. Because of this, and because other causes of action fit the facts and allow for emotional distress damages, e.g., malicious prosecution, an action for IIED is unavailable. Cf. Banks v. Fritsch, 39 S.W.3d 474 (Ky. Ct. App. 2001) (upholding a directed verdict on an IIED claim where the evidence did not support a finding that defendant intended only to cause plaintiff emotional distress and plaintiff could theoretically recover emotional damages arising from false imprisonment, assault, or battery).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED**. Judgment will be entered consistent with this Opinion.

cc. Counsel of Record